IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs June 23, 2015

## RAYMOND ANDREW HERBST v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Davidson County**
**No. 2001-I-1209    J. Randall Wyatt, Jr., Judge**

_____

### No. M2014-01918-CCA-R3-PC – Filed July 30, 2015

_____

Petitioner, Raymond Andrew Herbst, filed a petition for post-conviction relief, alleging that his guilty pleas to one count of rape and three counts of attempted rape were constitutionally infirm because he was not informed that he would be subject to lifetime community supervision.  Because due process does not require tolling of the statute of limitations, the decision of the post-conviction court is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

TIMOTHY L. EASTER, J., delivered the opinion of the Court, in which ALAN E. GLENN and ROBERT H. MONTGOMERY, JR., JJ., joined.

David J. McKenzie, Lewisberg, Tennessee, and Matthew D. Wilson, Starkville, Mississippi, for the appellant, Raymond Andrew Herbst.

Herbert H. Slatery III, Attorney General and Reporter; Ahmed A. Safeeullah, Assistant Attorney General; Victor S. Johnson III, District Attorney General; and Amy M. Hunter, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

This is Petitioner's appeal from the Davidson County Criminal Court's dismissal of his ill-fated petition for post-conviction relief attacking this guilty plea entered on November 21, 2001.

Petitioner was charged by information with one count of rape and three counts of attempted rape. On the same day, Petitioner entered guilty pleas to all four counts. The terms of Petitioner's plea agreement, as reflected in the guilty plea petition, provide that Petitioner would serve a split confinement sentence of nine years at 100% for the rape conviction with one year of confinement at 100% followed by eight years of community corrections for special needs. For each of the attempted rape convictions, Petitioner would serve a split confinement sentence of six years at 30% with one year of confinement at 100% followed by five years of community corrections for special needs. All four sentences were to be served concurrently.

Over 12 years later, Petitioner filed a petition for post-conviction relief, arguing that his guilty plea was not knowing and intelligent because he was unaware that he would be subject to lifetime community supervision. Petitioner also argues that the post-conviction statute of limitations should be tolled on due process grounds because he was unaware of the lifetime community supervision requirement until July 2013, when he was notified by the Tennessee Board of Probation and Parole. On June 13, 2014, the State filed a motion to dismiss, arguing that post-conviction relief was barred by the statute of limitations. On June 23, 2014, Petitioner filed a response, arguing that the State waived reliance on the statute of limitations as a defense by failing to respond to Petitioner's claim for due process tolling.

On July 10, 2014, the post-conviction court held a hearing on the motion to dismiss, at which neither party presented proof but both presented argument. After taking the matter under advisement, the post-conviction court entered an order granting the State's motion and dismissing the petition on August 26, 2014. Petitioner filed a timely notice of appeal.

*Analysis*

Post-conviction relief is available for any conviction or sentence that is "void or voidable because of the abridgment of any right guaranteed by the Constitution of Tennessee or the Constitution of the United States." T.C.A. § 40-30-103. A petition for post-conviction relief must be filed within one year of the date on which the judgment became final if no direct appeal was taken. T.C.A. § 40-30-102(a). Our legislature emphasized the fact that "[t]ime is of the essence of the right to file a petition for post-conviction relief," *id*., and provided only three narrow exceptions to the statute of limitations: (1) a new constitutional right with retrospective application; (2) new scientific evidence establishing actual innocence; and (3) the invalidation of convictions underlying an enhanced sentence. T.C.A. § 40-30-102(b).

However, the constitutional right to due process may necessitate tolling the statute of limitations in certain circumstances outside of the enumerated statutory exceptions.

*See Seals v. State*, 23 S.W.3d 272 (Tenn. 2000); *Burford v. State*, 845 S.W.2d 204 (Tenn. 1992). Our supreme court has held:

> [B]efore a state may terminate a claim for failure to comply with procedural requirements such as statutes of limitations, due process requires that a potential litigant be provided an opportunity for "presentation of claims at a meaningful time and in a meaningful manner." The test is "whether the time period provides an applicant a reasonable opportunity to have the claimed issue heard and determined."

*Seals*, 23 S.W.3d at 277-78 (quoting *Burford*, 845 S.W.2d at 207). "[A] post-conviction petitioner is entitled to due process tolling of the one-year statute of limitations upon a showing (1) that he or she has been pursuing his or her rights diligently, and (2) that some extraordinary circumstance stood in his or her way and prevented timely filing." *Bush v. State*, 428 S.W.3d 1, 22 (Tenn. 2014) (citing *Whitehead v. State*, 402 S.W.3d 615, 631 (Tenn. 2013)). Thus far, our supreme court has identified only three instances in which due process requires tolling of the post-conviction statute of limitations: (1) where the basis for post-conviction relief arises after the statute of limitations has expired; (2) where a petitioner's mental incompetence prevented compliance with the statute of limitations; and (3) where attorney misconduct prevents compliance with the statute of limitations. *Whitehead*, 402 S.W.3d at 623-24 (Tenn. 2013). "Whether due process considerations require tolling of a statute of limitations is a mixed question of law and fact, which we review de novo with no presumption of correctness." *Smith v. State*, 357 S.W.3d 322, 355 (Tenn. 2011) (quoting *Harris v. State*, 301 S.W.3d 141, 145 (Tenn. 2010)).

In *Ward v. State*, 315 S.W.3d 461, 476 (Tenn. 2010), our supreme court held that "trial courts have an affirmative duty to ensure that a defendant is informed and aware of the lifetime supervision requirement [, when applicable,] prior to accepting a guilty plea." In *Bush v. State*, 428 S.W.3d 1, 20-21 (Tenn. 2014), it determined that the rule announced in *Ward* is not retroactively applicable. However, the court suggested that the statute of limitations might be tolled on due process grounds when appropriate to permit a claim for post-conviction relief based on ignorance of the lifetime community supervision requirement. *See id.* at 21-23.

Petitioner argues that the State waived its statute of limitations defense by failing to adequately raise it as required by Tennessee Supreme Court Rule 28, section 5. Alternatively, Petitioner argues that due process tolling is appropriate in this case because he diligently pursued his rights by filing this petition within one year of his discovery that he is subject to lifetime community supervision.[1] The State disagrees.

---

[1] *See generally* T.C.A. 39-13-524(c).

The State is generally required to file a response to a petition for post-conviction relief in which it "shall admit or deny each and every allegation set forth in the petition." Tenn. Sup. Ct. R. 28, § 5(G); T.C.A. § 40-30-108. Also, when applicable, "[t]he state shall file a motion to dismiss which includes the facts relied upon to support the motion to raise a defense that . . . the petition is barred by the statute of limitations . . . ." Tenn. Sup. Ct. R. 28, § 5(G). However, the State's "failure to timely file the answer or motion to dismiss . . . or the failure to detail the facts relating to the defenses . . . shall not entitle [the] petitioner to relief without proof, but may result in the imposition of sanctions in the exercise of the trial judge's discretion." Tenn. Sup. Ct. R. 28, § 5(I). In this case, the State did not file an answer, but it did file a motion to dismiss based upon the statute of limitations. The motion to dismiss included the following factual basis:

> In this case, the conviction became final 30 days after the Amended Judgments were entered on January 9, 2009.[2] The instant petition was filed on 5/20/2014, clearly outside the statute of limitations. Even though petitioner requests for the statute of limitations to be tolled, he fails to state a statutorily defined exception.

(Footnote added). Petitioner contends that the State has waived its statute of limitations defense by failing to specifically deny or respond to the allegations raised in the petition that purportedly justify due process tolling of the statute of limitations. We disagree.

Rule 28, section 5 clearly states that a Petitioner is not entitled to relief simply because the State fails to comply with that rule. *See* Tenn. Sup. Ct. R. 28, § 5(I); *see also* T.C.A. § 40-30-108(a) ("Failure by the state to timely respond does not entitle the petitioner to relief under the Post-Conviction Procedure Act."). Rather, Petitioner bears the burden of pleading and proving that the statute of limitations should be tolled on due process grounds. *See* Tenn. Sup. Ct. R. 28, § 5(F)(4) ("A petition may be dismissed without a hearing if it . . . does not state the reasons that the claim is not barred by the statute of limitations . . . ."); *see also State v. Nix*, 40 S.W.3d 459, 464-65 (Tenn. 2001). Unlike civil affirmative defenses, which must be sufficiently raised by a defendant to be preserved, a post-conviction petitioner must prove compliance with the statute of limitations to be entitled to post-conviction relief because the post-conviction statute of limitations is a jurisdictional requirement for the courts of Tennessee. *See* T.C.A. § 40-30-102(a) ("[T]he one-year limitations period is an element of the right to file the [post-conviction] action and is a condition upon its exercise."); T.C.A. § 40-30-102(b) ("No court shall have jurisdiction to consider a petition filed after the expiration of the

---

[2] The record contains amended judgments for each conviction, which appear to have been entered by the trial court after Petitioner violated the terms of community corrections. However, those judgments are not dated and do not contain a visible time-stamp of entry. For purposes of determining the statute of limitations, we will defer to the original judgments entered on November 21, 2001.

limitations period . . . ."); Tenn. Sup. Ct. R. 28, § 4(B); *Nix*, 40 S.W.3d at 464 (noting that "the one-year statutory period is an element of the right to file a post-conviction petition and . . . it is not an affirmative defense that must be asserted by the State").  Indeed, because failure to comply with the statute of limitations precludes jurisdiction, courts have a duty to ensure that the post-conviction statute of limitations is satisfied and must dismiss a post-conviction petition on this basis *sua sponte* if necessary.  T.C.A. § 40-30-106(b) ("If it plainly appears . . . that the petition was not filed . . . within the time set forth in the statute of limitations . . ., the judge shall enter an order dismissing the petition.").  Accordingly, the State has not waived the statute of limitations as a defense.

As for the merits of Petitioner's claim that the statute of limitations should be tolled on due process grounds, this Court has long held that ignorance of the existence of a claim that existed when the statute of limitations began to run does not warrant due process tolling.  *See, e.g.*, *Brown v. State*, 928 S.W.2d 453, 455-57 (Tenn. Crim. App. 1996); *Passarella v. State*, 891 S.W.2d 619, 625-26 (Tenn. Crim. App. 1994); *see also Darien C. Houston v. State*, No. E2014-02062-CCA-R3-PC, 2015 WL 3612837, at *2 (Tenn. Crim. App. June 10, 2015) ("This court has repeatedly held that a petitioner's ignorance of post-conviction procedures and 'mere lack of knowledge that a claim exists' do[] not constitute a due process violation which would toll the statute of limitations." (quoting *Joshua Jacobs v. State*, No. M2009-02265-CCA-R3-PC, 2010 WL 3582493, at *3 (Tenn. Crim. App. Sept. 15, 2010), *perm. app. denied* (Tenn. Jan. 20, 2011))).  In this case, each of Petitioner's 2001 judgment forms clearly indicated that he was subject to lifetime community supervision, and during the guilty plea hearing, the prosecutor stated that "lifetime supervision" would be a consequence of Petitioner's convictions.  Even if these did not give Petitioner adequate notice (before or after he entered his plea) that lifetime community supervision was a mandatory component of his sentence, it is undeniable that the basis for his claim existed as soon his judgments became final in 2001.  Consequently, due process does not require tolling of the statute of limitations for Petitioner.

*Conclusion*

For the foregoing reasons, the judgment of the post-conviction court is affirmed.

_____
TIMOTHY L. EASTER, JUDGE

- 5 -